UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X

HSBC BANK USA, N.A., as indenture trustee
for the registered noteholders of
RENAISSANCE HOME EQUITY LOAN
TRUST 2005-4, RENAISSANCE HOME
EQUITY LOAN ASSET-BACKED NOTES,
SERIES 2005-4,

                       Plaintiff,

          – against –

PATRICIA ANDERSON; "JOHN DOE #1"
through "JOHN DOE #12," the tenants,
occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
Subject Property described in the Complaint,

                       Defendants.

--------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

25-CV-2037 (AMD)

**ANN M. DONNELLY**, United States District Judge:

The plaintiff commenced this action on April 11, 2025, seeking to foreclose a mortgage encumbering the property at 11921 197th Street, Saint Albans, New York 11412 Block 12653 Lot 53 in Queens, New York.  (ECF No. 1 ¶ 1.)  The defendant, Patricia Anderson, answered the complaint on August 4, 2025, asserting a counterclaim under New York's Real Property Law.  (ECF No. 20 ¶¶ 66–69.)[1]  In a February 9, 2026 joint status report, the parties advised Magistrate Judge Clay H. Kaminsky that the plaintiff offered the defendant a loan modification, which she declined, and she "instead intended to reinstate the loan."  (ECF No. 32.)  The plaintiff asked for 30 days to move for summary judgment.  (*Id.*)  Judge Kaminsky directed the parties to request a pre-motion conference on any dispositive motions by March 11, 2026.  (*ECF Order dated Feb.*

---

[1] The Court refers to Ms. Anderson as "the defendant."  The "John Doe" defendants have not appeared.

*9, 2026.*)  When they did not do so, Judge Kaminsky directed them to appear for a telephone status conference on April 9, 2026.  (*ECF Order dated Apr. 3, 2026.*)  Neither party appeared, so Judge Kaminsky directed the plaintiff to file a letter by April 16, 2026, "explaining whether Plaintiff intends to continue prosecuting this case." (*ECF Order dated Apr. 9, 2026.*).  He warned the plaintiff that "[f]ailure to do so may result in the dismissal of this case under [Federal Rule of Civil Procedure] 41(b)." (*Id.*).

Courts considering whether to dismiss claims for failure to prosecute under Rule 41(b) consider the following factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation modified); *see also Abdul v. Bayview Asset Mgmt., LLC*, No. 23-CV-7793 (E.D.N.Y. Apr. 10, 2024), ECF No. 20 (dismissing case after the plaintiff did not respond for three months).

Each of the relevant factors favors dismissal.  The plaintiff has not communicated with the Court since February 9, 2024.  It did not request a pre-motion conference or advise the Court that it did not plan to do so.  (*See ECF Order dated Feb. 9, 2026.*)  Nor did the plaintiff appear for a telephone conference, as Judge Kaminsky ordered.  (*See ECF Order dated Apr. 9, 2026.*)  The plaintiff did not respond even after Judge Kaminsky unambiguously warned it that its claims would be dismissed if it did not respond.  (*See id.*)  The defendant has also not participated in the case, so it is not clear whether she would be prejudiced by further delay.  But the Court has an interest in managing its docket efficiently, and to close cases in which the parties have shown no

interest in participating. "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this [D]istrict seek access to the courts." *Rojas v. L-Ray, LLC*, No. 20-CV-6109, 2021 WL 6127047, at *2 (S.D.N.Y. Dec. 28, 2021) (citations omitted) (dismissing claims pursuant to Rule 41(b)).

Finally, the Court has considered imposing less drastic sanctions, such as monetary sanctions. But since Judge Kaminsky's warning that that the case could be dismissed did not trigger a response, "there is no reason to believe that a lesser sanction would be effective." *Aguilar v. Kimo Mgmt. Grp. Corp.*, No. 21-CV-7537, 2023 WL 2822201, at *2 (S.D.N.Y. Apr. 6, 2023) (citations omitted) (dismissing claims pursuant to Rule 41(b) because plaintiff ignored an order warning about potential dismissal and "appear[ed] uninterested in pursuing her claims"). The plaintiff has ignored court orders and failed to contact the Court, which demonstrates that discovery sanctions or civil contempt penalties are unlikely to work.

## CONCLUSION

For the reasons set forth above, the Court dismisses the plaintiff's claims with prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       May 7, 2026

3